U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2011 FEB -9 AM 10: 52

LORETTA G. WHYTE
CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

JOHN J. ALTIER,
Individually and on behalf of all others
Similarly situated and identified below,

Civil Action No.: 11-0242

    Plaintiff

**CLASS ACTION COMPLAINT**

v.

Sect J/1

WORLEY CATASTROPHE RESPONSE, LLC

    Defendant

---

**FIRST AMENDED
CLASS ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL**

---

COMES NOW Plaintiff, John J. Altier, by and through his undersigned counsel, and in support hereof, files this, his First Amended Class Action Complaint against the Defendant, Worley Catastrophe Response, LLC, and alleges and avers as follows:

**I.**

**NATURE OF CASE**

Fee _____
Process _____
x Dktd _____
CtRmDep _____
Doc. No. _____

1. This complaint seeks to redress the fraudulent and malicious conduct of Defendant who has misappropriated tens of millions of dollars from Plaintiff and others similarly situated. Defendant, by systematically and fraudulently breaching contracts, refused to pay unto Plaintiff and others similarly situated, and amount less than contractually bargained for between the parties. By this lawsuit, Plaintiff intends to establish that the Defendant has engaged in pattern of misconduct enriching it in excess of $50,000,000.00, for which it should be held liable, and for punitive damages in an amount to be determined by the jury, in order to deter the Defendant and others so similarly situated in the future, from doing so.

## II.

## JURISDICTION AND VENUE

2. Jurisdiction is proper before this Court pursuant to 28 U.S.C. §1332(d) because at least one member of the putative class is a citizen of a State other than the citizenship of Defendant, there are more than 100 class members, and the damages suffered and sought to be recovered herein total, in the aggregate, in excess of $1,000,000.00 exclusive of interest and costs.

3. At all times material, Defendant has had purposeful and continuous, systematic contacts in or affecting the Eastern District of the State of Louisiana.

4. The Contract that forms the basis of this action, and those similarly situated, was entered into and was to have been performed, in whole or in part. An exemplar of such contract is attached hereto as Exhibit A and is incorporated herein by reference as if copied in full in words and figures.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because Defendant, at all times material, has had continuous and systematic contacts with this District by actively doing business and perpetuating the business practice scheme that is the subject of this cause in Louisiana.

## III.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action on his own behalf and as a Class Action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following proposed "Class" or "Class Members":

> **Class A:** All individuals who have entered into contract with Defendants and have therefore been damages as a result of the Defendants breach of contract.

Excluded from the Class are Defendants, subsidiaries and affiliates, their directors and officers and member of their immediate families.

7. <u>Numerosity:</u> The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable. While the exact number and identities of the members of the Class are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery with the Defendant, Plaintiff believes and avers that there are in excess of 1,300 Class Members.

8. <u>Commonality:</u> Plaintiff and Class Members' claims drive from a common core of salient facts, and share many of the same legal claims. There are questions of fact or law, particularly the same contract, common to members of the Class, which predominate over any questions affecting any individual members.

9. <u>Typicality:</u> Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff claims arise from the same course of conduct by the Defendant towards himself and members of the Class.

10. <u>Adequacy:</u> Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's claims are coextensive with, and not antagonistic to, the claims of the other members of the Class. Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class, and Plaintiff has retained competent counsel experience in litigation of this nature.

11. Plaintiffs bring this action under Rule 23(b)(3) because common questions of law and fact predominate over issues that are individual to members of the Class. The proposed Class is sufficiently cohesive to warrant class and representative treatment. Upon information and belief, Defendants has the technology and records to provide Plaintiff a plausible class-wide method for proving their case. Certification under Rule 23(b)(3) is also appropriate because a class action is superior ot the other available methods for the fair and efficient adjudication of the action. Given the small damage amounts per Class Member, the expense of litigating each Class Member's claim individually would be so cost prohibitive as to deny Class Members a viable remedy. Plaintiff envisioned no unusual difficulty in the management of this action as a class action.

12. Plaintiff also brings this action under Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to all members of the Class, thereby making final injunctive relief concerning the Class as a whole appropriate. In the absence of appropriate injunctive relief, Defendants will continue to operate without

authorization. Defendants conduct towards Plaintiff and other members of the Class make certification under Rule 23(b)(2) appropriate.

## IV.

## THE PARTIES & BACKGROUND

13. Plaintiff John J. Altier (hereinafter "Plaintiff") is an adult resident citizen of the State of Texas, and at all relevant times was a resident of Ben Wheeler, Texas. He was employed by Defendant from July 23, 2010, until on or about September 25, 2010. Plaintiff is a member of the Class defined herein. Plaintiff and the Class he seeks to represent are consumers who have been damaged by the Defendants actions. Class members reside in and are citizens of states other than those in which Defendant is located.

14. Defendant Worley Catastrophe Response, LLC (hereinafter referred to as "Defendant Worley"), is a corporation foreign to Louisiana which, among other things, provides catastrophe response services including claims adjustment, and maintains a presence and corporate address in Hammond, Tangipahoa Parish, Louisiana 70404. Worley may be served with process by delivering a copy of the summons and complaint to its Registered Agent, being James R. Lewis, 450 Laurel St., Suite 1600, Baton Rouge, Louisiana 70801.

15. Plaintiff was one of an estimated 1,300 claims adjusters employed on the project more commonly known as "The BP Oil Spill" which occurred in 2010. Defendant Worley was contracted by BP to adjust the business interruption and other claims filed against BP related to The BP Spill.

16. Plaintiff and all others similarly situated, entered into a written contract, Exhibit A, with the Defendant, agreeing to perform some of the duties for which Worley had contracted.

17. Plaintiff's primary job function, and the primary job function of the other claims adjusters, was to respond to the damage claims from individuals and business owners affected by the BP Oil Spill, to determine the extent of their losses due to the effects of the oil spill.

18. By express written agreement, Plaintiff and all others were to have received 65% of the amount Defendant received related to the daily services being provided by each adjuster. Defendant failed to and refused to pay the proper percentage of the $1,200 - $1,300 per day it was receiving, instead only paying out $550.00 per day, or just 48%.

V.

## CLAIMS FOR RELIEF

### Breach of Contract Against Defendant

19. Plaintiff re-alleges and incorporates by reference the allegations set forth in the prior paragraphs of this Complaint as though fully and completely set forth herein.

20. In or about 2010, Plaintiff, and others similarly situated, entered into a written contract whereby Plaintiff and others would be paid Sixty-Five percent (65%) of the amount which Defendant received for each day of work by each adjuster.

21. Defendant received for each such day $1,200 - $1,300 of which the contract required Plaintiff and others similarly situated to be entitled to $780 - $845, or such other amount as is established by the contract and actual payments received by Defendant.

22. Defendant intentionally and fraudulently breach said contracts by knowingly failing to properly pay unto Plaintiffs the proper percentage under the contract, instead paying Plaintiff and others similarly situated only $450 or $550 per day.

23. As a direct and proximate result of such breach, Plaintiff and others similarly situated suffered damages of between of at least $230 for each day they performed services under said contract, and the Defendant was unjustly enriched, being in excess between $20,000,000.

### Unjust Enrichment

24. Plaintiff re-alleges and incorporates by reference the allegations set forth in the prior paragraphs of this Complaint as though fully and completely set forth herein.

25. Defendant has received the benefit of its actions damaging Plaintiff and others similarly situated by way of withholding payment or without giving compensation due under the contract, all part of a calculated and fraudulent scheme.

26. Defendant knowingly concealed, suppressed, or omitted the material facts as to the actual amount being paid to Defendant by BP, and thereby preventing the disclosure and proper contractual amount.

27. As a direct and proximate result of such breaches aforesaid, Defendant was unjustly enriched and the Plaintiffs were damaged minimally in excess of $230 for each day they performed services under said contract, and the Defendant was unjustly enriched in an amount in excess of $20,000,000.00.

### Punitive Damages

28. Plaintiff re-alleges and incorporates by reference the allegations set forth in the prior paragraphs of this Complaint as though fully and completely set forth herein.

29. All the actions and/or inactions of the Defendant aforesaid were so egregious and contrary to the rights of others so as to justify the imposition of punitivie and/or extra-

contractual damages, in order to compensate the Plaintiff and deter the Defendant and others similarly situated from participating in such conduct in the future. Plaintiff is entitled to such punitive and/or extra-contractual damages in an amount to be determined by the Jury, but at least in excess of the minimal jurisdictional limits of this court.

**WHREFORE PREMISES CONSIDERED,** Plaintiff prays for judgment against Defendant as follows:

1. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel of record to represent the proposed Classes;
2. For an order declaring that the Defendant breached the contracts with Plaintiff and others similarly situated, and that its course of conduct constituted unjust enrichment;
3. Entering judgment in favor of Plaintiff and the Class against Defendant;
4. Awarding Plaintiff and the members of the Class redress including damages, full restitution and/or disgorgement of all revenues where allowable, earnings, profits, compensation and benefits which might have been obtained by Defendant as a result of its unlawful course of conduct, acts or practices;
5. Awarding Plaintiff punitive and/or extra-contractual damages in an amount to be determined by the jury, but at least in excess of the minimal jurisdictional limits of the court.
6. Awarding Plaintiff and Class attorney's fees and costs; and
7. Granting further relief as the Court deems fit.

**RESPECTFULLY SUBMITTED,**

*/s/ J. P. Hughes, Jr.*

J. P. Hughes, Jr. (La Bar #21302)
**Hughes Brown, PLLC**
1300 Access Road
Suite 100
Oxford, Mississippi 38655
Telephone: (662) 234-6080
**Counsel for Plaintiff and Class**